BUSCH, Respondent, v. PENCE AUTOMOBILE COMPANY, Appellant.

(233 N. W. 288.)

(File No. 7053. Opinion filed December 5, 1930.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*Churchill & Benson* and *Luby & Gartland,* all of Huron, for Respondent.

CAMPBELL, J. Defendant, Pence Automobile Company, in July, 1928, was a Minnesota corporation engaged in the business of selling and distributing Buick automobiles, with a branch office and place of business at Mitchell, S. D. At that time one Claude Nooner was employed by defendant as a wholesale representative and salesman, with headquarters at Mitchell, operating in a territory embracing eleven counties in the vicinity of Mitchell, not including, however, the county of Beadle or city of Huron. On Saturday evening, July 21, 1928, after having worked all day in defendant's place of business in Mitchell, Nooner, about 10 o'clock at night, closed and locked the place of business in Mitchell, and with a companion got into an automobile furnished him by defendant company for use on the company's business (the expense of which, when he operated it on company business, was paid by defendant company) and drove to Huron, S. D. On his way returning from Huron to Mitchell, about 2 o'clock in the morning of Sunday, July 22d, the automobile operated by Nooner collided upon a public highway with an automobile occupied by plaintiff and a companion, to plaintiff's injury. As a result thereof, this action was instituted by plaintiff against defendant, seeking damages in the sum of $1,980, together with interest and costs, and upon trial the jury returned a verdict in favor of plaintiff and against defendant in the amount of $2,100, being $120 more than the prayer of the complaint. Thereafter plaintiff remitted $120 of such verdict, and judgment was entered in favor of plaintiff and against defendant for the sum of $1,980 and costs, from which judgment and from an order denying its motion for a new trial defendant has now appealed.

Numerous errors are claimed by appellant, but there is one matter which we think disposes of the case and renders it unnecessary to consider other assignments. At the close of plaintiff's case, and again at the close of all the testimony, appellant moved for a directed verdict upon the particular ground (among others) that "it has not been shown that Claude Nooner was acting in the scope of his employment at the time of this accident. That the undisputed evidence shows that Nooner was, at the time of this accident acting upon personal business for himself individually and was making this trip for education of himself and to repay a personal loan and for the reason no authority has been shown on the part of the said Nooner to make this particular trip or do any act that would be binding upon the defendant."

We think the learned trial court erred in denying these motions. Time does not suffice, nor would any good purpose be served by setting forth the evidence in detail. It is sufficient to say that a careful examination of the record convinces us that there was an entire failure upon the part of plaintiff to prove that Nooner at the time of the accident in question was operating the automobile driven by him in behalf of appellant, Pence Automobile Company, or within the scope of his duties as an employee of said Pence Automobile Company. In fact, in our opinion, the clear preponderance of the evidence is to the contrary, and plainly indicates that Nooner at the time of the accident in question was engaged, in the language of the old cases, "upon a frolic of his own," and there is no sufficient evidence to support a jury verdict to the contrary.

The judgment and order appealed from are therefore reversed, and the cause remanded, with directions to enter a judgment in favor of appellant and against respondent dismissing the complaint herein upon the merits and with costs.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.